UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>                              Petitioner,<br>v.<br><br>WILLIAM RENBART, et al.,<br><br>                              Respondents. | Case No. 2:22-cv-01755-GMN-EJY<br><br>**ORDER** |

*Pro se* Petitioner Steven Eric Gould, a Nevada state prisoner, has filed a Petition for Writ of Habeas Corpus (ECF No. 4) under 28 U.S.C. § 2254. This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases.[1] Petitioner also filed a Motion to Investigate Location of Missing Instrument (ECF No. 3), Motion for USM-285 Forms (ECF No. 6), and Motion for Docket Sheet (ECF No. 7).

**I.   Background**

Petitioner challenges a conviction and sentence by the Eighth Judicial District Court for Clark County. *State of Nevada v. Gould*, Case No. C-17-324819-3. The state court sentenced Petitioner to an aggregate term of 20 years to life with the possibility of parole for invasion of the home while in possession of a deadly weapon; first degree kidnapping with use of a deadly weapon, victim 60 years of age or older; burglary while in possession of a deadly weapon; conspiracy to commit robbery; and robbery with use of a deadly weapon, victim 60 years of age or older. The Nevada Supreme Court affirmed the judgment of conviction. Petitioner did not file a state habeas petition.

**II.   Discussion**

Under Habeas Rule 4, the assigned judge must examine the habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule requires courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by

---

[1] All references to a "Habeas Rule" or the "Habeas Rules" in this order identify the Rules Governing Section 2254 Cases in the United States District Courts.

1

procedural defects. *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

There is no constitutional right to appointed counsel in a federal habeas corpus proceeding. *See Luna v. Kernan*, 784 F.3d 640, 642 (9th Cir. 2015) (citing *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007)). However, an indigent petitioner may request appointed counsel to pursue that relief. *See* 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is generally discretionary. *Id.* (authorizing appointment of counsel "when the interests of justice so require"). But counsel must be appointed if the complexities of the case are such that denial of counsel would amount to a denial of due process, and where the petitioner is so uneducated that he or she is incapable of fairly presenting his or her claims. *See La Mere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980).

The Court, *sua sponte*, finds that appointment of counsel in this case is in the interests of justice. Petitioner is serving a lengthy aggregate sentence term of 20 years to life with the possibility of parole. His petition may raise relatively complex issues, including exhaustion as he has not filed a state habeas petition. It is unclear whether he will be able to adequately articulate his claims in proper person with the resources available to him. Accordingly, the Federal Public Defender is provisionally appointed as counsel.

### III. Motions

Petitioner's motion to investigate location of missing instrument is premature and his motion for USM-285 forms is moot. The Court denies such motions (ECF Nos. 3, 6). As a one-time courtesy, the Court will grant Petitioner's request for an updated docket sheet (ECF No. 7). The Clerk of the Court is directed to send Petitioner one copy of the docket sheet.

**IT IS THEREFORE ORDERED:**

1. Petitioner Steven Eric Gould's Motion to Investigate Location of Missing Instrument (ECF No. 3) and Motion for USM-285 Forms (ECF No. 6) are DENIED.

2. Petitioner's Motion for Docket Sheet (ECF No. 7) is GRANTED. The Clerk of the Court is directed to send Petitioner one copy of the docket sheet in this matter.

3. The Federal Public Defender is provisionally appointed as counsel and will have 30 days to undertake direct representation of Petitioner or to indicate the office's

inability to represent Petitioner in these proceedings. If the Federal Public Defender is unable to represent Petitioner, the Court will appoint alternate counsel. The counsel appointed will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates a deadline of approximately 60 days from entry of the formal order of appointment.

4. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

5. The Clerk of Court is directed to add Nevada Attorney General Aaron D. Ford as counsel for Respondents and to provide Respondents an electronic copy of all items previously filed in this case by regenerating the Notice of Electronic Filing to the office of the AG only. Respondents' counsel must enter a notice of appearance within 21 days of entry of this order, but no further response will be required from Respondents until further order of the Court.

6. The Clerk of Court is further directed to send a copy of this order to the *pro se* Petitioner, the Nevada Attorney General, the Federal Public Defender, and the CJA Coordinator for this division.

DATED: August 14, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

3