UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ERIC GOULD, | Case No. 2:22-cv-01755-GMN-EJY |
| Petitioner, | |
| v. | **ORDER** |
| WILLIAM RENBART, et al., | |
| Respondents. | |

This habeas matter is before the Court on Petitioner's Motion to Remove Erroneous Noticed Attorney (ECF No. 11) and Motion for Emergency Transfer of Petitioner (ECF No. 12).

## I.     Motion to Remove Erroneous Noticed Attorney

Petitioner requests that the Court remove Ely State Prison Law Library as appearing as his noticed attorney on the docket sheet.[1] The Court, however, appointed counsel to represent Petitioner and his counsel has entered his notice of appearance. ECF Nos. 9, 20. Accordingly, Petitioner's motion is denied as moot.

## II.    Motion for Emergency Transfer of Petitioner

Petitioner represents that he is an undercover police officer with Las Vegas Metropolitan Police Department and requests a transfer from Ely State Prison to "a safe location" because Petitioner is in custody unlawfully. Petitioner also appears to assert notice of a racially motivated hate crime and that the Ely State Prison medical supervisor is committing medical malpractice.

Plaintiff requests that the Court transfer him from Ely State Prison based on his assertions that he is an undercover police officer, that he is a victim of a racially motivated hate crime, and medical malpractice. However, this is a federal habeas matter wherein Petitioner is challenging his state court conviction. "A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology,*

---

[1] The Court notes that Ely State Prison did not represent Petitioner but was on the docket sheet because it is an e-service prison wherein the law librarians print and distribute documents.

*LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015).  Petitioner may pursue his claims by filing a civil rights complaint pursuant to 42 U.S.C. § 1983.[2]  Accordingly, the Court denies Petitioner's motion for transfer.

### III. Conclusion

It is therefore ordered that Petitioner's Motion to Remove Erroneous Noticed Attorney (ECF No. 11) is denied as moot.

It is further ordered that Petitioner's Motion for Emergency Transfer of Petitioner (ECF No. 12) is denied.

DATED: December 14, 2023

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[2] It appears that Petitioner has multiple closed and pending § 1983 prisoner civil rights cases. *See Gould v. United* States, Case No. 2:20-cv-1474-KJD-BNW; *Gould v. Chapman*, Case No. 2:21-cv-2022-APG-NJK; *Gould v. Zuniga*, Case No. 2:22-cv-1060-GMN-BNW.