# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>　　　　　Petitioner,<br>v.<br>W.A. BILL GITTERE, et al.,<br><br>　　　　　Respondents. | Case No. 2:22-cv-01755-GMN-EJY<br><br>**ORDER** |

　　　　This habeas matter is before the Court on Petitioner Steven Eric Gould's Motion to Stay Case (ECF No. 24). Also before the Court are Respondents' Motions to Strike (ECF Nos. 26, 35, 38) and Motions to Extend (ECF Nos. 28, 36).

**Background**

　　　　Gould challenges a conviction and sentence by the Eighth Judicial District Court for Clark County. The state court sentenced Gould to an aggregate term of 25 years to life for Invasion of the Home While in Possession of a Deadly Weapon; First Degree Kidnapping With Use of a Deadly Weapon, Victim 60 Years of Age or Older; Burglary While in Possession of a Deadly Weapon; Conspiracy to Commit Robbery; and Robbery With use of a Deadly Weapon, Victim 60 Years of Age or Older. The Nevada Supreme Court affirmed the judgment of conviction.

　　　　On October 31, 2022, Gould filed his *pro se* federal habeas Petition. ECF No. 4. Following the appointment of counsel, Gould filed a first amended Petition. ECF No. 32. In his first amended Petition, Gould notes that he filed a *pro se* state habeas Petition, but the state court rejected his *pro se* filing. ECF No. 32 at 9. The Federal Public Defender filed a motion to withdraw as counsel in state court and in January 2024, the state court orally denied Gould's *pro se* state habeas Petition. *Id*. at 9-10. In February 2024, the state court entered its order denying Gould's *pro se* state habeas Petition. *Id*. at 10. In March 2024, the state court filed an amended order. *Id*. In his amended Petition, Gould asserts that the state court did not submit an entry of its

order and that Gould has yet to file his *pro se* notice of appeal. *Id*. Gould provides that he filed his amended Petition in an abundance of caution to meet the Antiterrorism and Effective Death Penalty Act ("AEDPA") one-year limitation period. *Id*.

## Discussion

### I. Motion to Stay Case

A district court is authorized to stay an unexhausted petition in "limited circumstances," to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *Rhines v. Weber*, 544 U.S. 269, 273–75 (2005); *Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016) (holding that district courts have authority to stay and hold in abeyance both mixed petitions and "fully unexhausted petitions under the circumstances set forth in *Rhines*"). Under the *Rhines* test, "a district court must stay a mixed petition only if: (1) the petitioner has 'good cause' for his failure to exhaust his claims in state court; (2) the unexhausted claims are potentially meritorious; and (3) there's no indication that the petitioner intentionally engaged in dilatory litigation tactics." *Wooten v. Kirkland*, 540 F.3d 1019, 1023 (9th Cir. 2008) (citing *Rhines*, 544 U.S. at 278).

The Ninth Circuit has acknowledged that the *Rhines* "good cause" standard does not require "extraordinary circumstances." *Wooten*, 540 F.3d at 1024 (citing *Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005)). But courts "must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances'." *Wooten*, 540 F.3d at 1024 (citing *Jackson*, 425 F.3d at 661). Courts must also "be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court." *Wooten*, 540 F.3d at 1024 (citing *Rhines*, 544 U.S. at 276–77).

A statement that a habeas petitioner was *pro se* during his state postconviction proceedings is sufficient to constitute good cause for failing to exhaust claims. *Dixon v. Baker*, 847 F.3d 714, 721 (9th Cir. 2017) (citing *Martinez v. Ryan*, 566 U.S. 1, 17 (2012)). "A

petitioner who is without counsel in state postconviction proceedings cannot be expected to understand the technical requirements of exhaustion and should not be denied the opportunity to exhaust a potentially meritorious claim simply because he lacked counsel." *Dixon*, 847 F.3d at 721.

A petitioner may seek to avoid the predicament of discovering, after months or years of litigating in state court, that his state actions were never properly filed and thus his federal habeas petition is time-barred, "by filing a 'protective' petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005).

Here, Respondents oppose Gould's motion to stay arguing that an appeal of the denial of his state habeas Petition would be untimely. The Court, however, finds that Gould has shown good cause by indicating that his state habeas post-conviction proceedings are ongoing and filing what appears to be a federal protective petition. *See Pace*, 544 U.S. at 416. Gould establishes that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon*, 847 F.3d at 722. There is also no indication that Gould has intentionally engaged in dilatory litigation tactics. Accordingly, the Court will grant Gould's motion for stay and abeyance. The stay is conditioned on Gould litigating his state habeas Petition or other appropriate proceeding in state court.

**II.     Motions to Strike**

Gould filed an amended Petition (ECF No. 23), a Motion for Entry of Clerk's Default (ECF No. 34), and a response (ECF No. 37) to Respondents' Motion to Extend *pro se* in violation of LR IA 11-6. The Local Rules of Practice state, in relevant part:

> A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney….

LR IA 11-6(a). This rule further states that an "attorney who has appeared for a party must be recognized by the court and all the parties as having control of the client's case." *Id*. Because counsel has been appointed to represent Gould, he may not file motions / documents with the Court. Accordingly, the Court grants Respondents' Motions to Strike (ECF Nos. 26, 35, 38).

The Clerk of Court is instructed to strike Gould's *pro se* amended Petition (ECF No. 23), Motion for Entry of Clerk's Default (ECF No. 34), and his response (ECF No. 37).

### III.    Motions to Extend

Respondents seek an extension of time to file their Opposition to Gould's Motion to Stay Case. ECF No. 28. The Court finds that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the Motion.

Respondents also seek an extension of time to file their response to Gould's first amended Petition. ECF No. 36. Because the Court grants Gould's Motion to Stay Case, Respondents' motion to extend time to file their response to Gould's first amended Petition is denied as moot.

### IV.    Conclusion

It is therefore ordered that Petitioner's Petitioner Steven Eric Gould's Motion to Stay Case (ECF No. 24) is granted.

It is further ordered that the Court grants Respondents' Motions to Strike (ECF Nos. 26, 35, 38). The Clerk of Court is instructed to strike Gould's *pro se* amended Petition (ECF No. 23), Motion for Entry of Clerk's Default (ECF No. 34), and his response (ECF No. 37).

It is further ordered that Respondents' first unopposed Motion to Extend (ECF No. 28) is granted *nunc pro tunc*.

It is further ordered that Respondents' first unopposed Motion to Extend (ECF No. 36) is denied as moot.

It is further ordered that this action is STAYED pending exhaustion of the unexhausted claims in the amended Petition.

It is further ordered that the grant of a stay is conditioned upon Gould filing, if same is not already pending, a state post-conviction petition or other appropriate proceeding in state district court within forty-five (45) days of entry of this order and returning to federal court with a motion to reopen within forty-five (45) days of issuance of the remittitur by the Nevada

appellate court at the conclusion of all state court proceedings.[1]

It is further ordered that any motion to reopen filed following completion of all state court proceedings, Petitioner: (a) shall attach supplemental exhibits containing the new state court pleadings and the state court written decisions thereon; and (b) if Petitioner intends to amend the federal petition, shall file a motion for leave to amend along with the proposed amended petition or a motion for extension of time to move for leave.

It is further ordered that the Clerk of Court is directed to ADMINISTRATIVELY CLOSE this action until such time as the Court grants a motion to reopen the matter.

It is further ordered that the Court will reset the briefing schedule upon reopening the case and lifting the stay.

DATED: August 16, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE

---

[1] If *certiorari* review will be sought or thereafter is being sought, either party may move to extend the stay for the duration of such proceedings. *Cf. Lawrence v. Florida*, 549 U.S. 327, 335 (2007).