# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>                              Petitioner,<br>v.<br>W.A. BILL GITTERE, et al.,<br><br>                              Respondents. | Case No. 2:22-cv-01755-GMN-EJY<br><br>**ORDER** |

Respondents filed an Unopposed Motion for Enlargement of Time (First Request) ("Motion" (ECF No. 47)) to respond to Petitioner Steven Eric Gould's Amended Petition for Writ of Habeas Corpus. Respondents request a 60-day extension of time, up to and including February 4, 2025. The Court finds the request is made in good faith and not solely for the purpose of delay, and therefore good cause exists to grant the motion.

Petitioner Gould has filed the following pro se documents: (1) Petitioner's Notice of Change of Parties (ECF No. 40); (2) Petitioner's Notice to Strike Motion to Reopen Filed by Ron Y. Sung Terminated as Attorney of Record (ECF No. 43); (3) Petitioner's Updated Notice of Change to Parties (ECF No. 44); and (4) Petitioner's Demand to Import Record of State Court Proceedings in Exigency ("Demand" (ECF No. 46)).

"It is well established that district courts have inherent power to control their docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010). This Court previously struck, in response to motions to strike, some of Gould's other pro se filings because he is represented by counsel for this matter, and his pro se filings violate Rule LR IA 11-6(a) of the Local Rules of Practice which state, in relevant part:

> A party who has appeared by attorney cannot while so represented appear or act in the case. This means that once an attorney makes an appearance on behalf of a party, that party may not personally file a document with the court; all filings must thereafter be made by the attorney . . . .

*See* ECF No. 39 at 3–4. LR IA 11-6 moreover states an "attorney who has appeared for a party

must be recognized by the court and all the parties as having control of the client's case." *Id*.

As the Court previously explained, because counsel is appointed to represent Gould in this matter, Gould may not file motions and documents with the Court in this case. Such filings defeat the purposes of providing counsel to assist Gould, i.e., to provide for efficient, effective, and fair presentment of the issues related to the constitutionality of Gould's confinement under the state court's judgment of conviction. Accordingly, the Court will sua sponte order the Clerk of Court to strike Gould's pro se filings (ECF Nos. 40; 43; 44; and 46) from the Court's docket and direct the Clerk of Court to reject all future pro se documents filed by Gould in this case while he is represented by counsel.

It is therefore ordered that Respondents' Unopposed Motion for Enlargement of Time (First Request) to respond to the Amended Petition **[ECF No. 47] is granted.** Respondents have until February 4, 2025, to file their response to the Amended Petition.

It is further ordered that the Clerk of Court is directed to **strike from the Court's docket** the following pro se filings made by Petitioner Steven Eric Gould: (1) Petitioner's Notice of Change of Parties **[ECF No. 40]**; (2) Petitioner's Notice to Strike Motion to Reopen Filed by Ron Y. Sung Terminated as Attorney of Record **[ECF No. 43]**; (3) Petitioner's Updated Notice of Change to Parties **[ECF No. 44]**; and (4) Petitioner's Demand to Import Record of State Court Proceedings in Exigency **[ECF No. 46]**.

It is further ordered that the Clerk of Court must reject any future documents filed by Petitioner Steven Eric Gould for this case while he is represented by counsel.

DATED:   December 6, 2024

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE