UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN ERIC GOULD,<br><br>                  Petitioner,<br>v.<br><br>BILL GITTERE, et al.,<br><br>                  Respondents. | Case No. 2:22-cv-01755-GMN-EJY<br><br>**ORDER** |

       This habeas action is brought by Petitioner Steven Eric Gould under 22 U.S.C. § 2254. Respondents filed a Motion to Dismiss (ECF No. 61) certain grounds of the Amended Petition (ECF No. 32) as unexhausted or not cognizable. Respondents also filed a Motion to Disqualify Counsel (ECF No. 73). For the reasons discussed below, Respondents' Motion to Disqualify Counsel is granted and their Motion to Dismiss is denied without prejudice.

**I.    Background**

       Gould challenges a conviction and sentence by the Eighth Judicial District Court. The state court sentenced Gould to an aggregate term of 25 years to life for Invasion of the Home While in Possession of a Deadly Weapon; First Degree Kidnapping With Use of a Deadly Weapon, Victim 60 Years of Age or Older; Burglary While in Possession of a Deadly Weapon; Conspiracy to Commit Robbery; and Robbery With use of a Deadly Weapon, Victim 60 Years of Age or Older. The Nevada Supreme Court affirmed the judgment of conviction.

       On October 31, 2022, Gould filed his *pro se* federal habeas Petition. ECF No. 4. Following the appointment of counsel, Gould filed an Amended Petition. ECF No. 32. In his Amended Petition, Gould notes that he filed a *pro se* state habeas Petition, but the state district court rejected his filing. ECF No. 32 at 9. The Federal Public Defender filed a motion to withdraw as counsel in state district court and in January 2024, the state district court denied Gould's state habeas Petition. *Id*. at 9-10.

       Respondents move to dismiss Grounds 3, 4, 6, and 7 as unexhausted. ECF No. 61 at 6-8. Respondents further argue that Ground 3 is not cognizable because Gould's claim challenges state law and that Ground 7 is not cognizable because it is a cumulative error claim. *Id*. at 10-12.

## II. Discussion
### a. Motion to Disqualify Counsel
#### i. Background

On October 31, 2022, Gould filed his *pro se* federal habeas Petition. ECF No. 4. On August 14, 2023, the Court appointed the Federal Public Defender's Office ("FPD") to represent Gould, but the FPD represents that their office did not receive notice of appointment until October 31, 2023. ECF No. 9. After realizing that the statutory deadline to file Gould's state habeas Petition expired on November 7, 2023, the FPD contacted Gould and discussed the statutory deadline and determined it was unlikely that the state district court would receive Gould's state habeas Petition by mail in time. As such, Gould permitted the FPD to electronically file a protective Petition with claims that Gould wanted to assert.

On November 5, 2023, Gould mailed a separate state habeas Petition to the state district court, which the state district court did not receive before the expiration of the statutory deadline. ECF No. 59-28. On November 7, 2023, the FPD electronically filed a state habeas Petition on behalf of Gould alleging ten claims for relief with some claims handwritten by Gould and two claims typed by counsel. ECF No. 59-20. The FPD indicated on the state habeas Petition that the filing was "[o]n behalf of pro se petitioner Steven Eric Gould," and under their contact information indicated "[s]pecial appearance only." *Id*. at 1. Gould did not sign the state habeas Petition filed by the FPD "because there was a miscommunication, and the FPD believed [Gould] '[would] be submitting a petition with his signature at a later date.'" ECF No. 75 at 3. In the state habeas Petition, the FPD acknowledged the potential for conflict of interest in representing Gould in both state and federal court, and further provided that Gould "will be representing himself in these proceedings," and Gould "intends to file a more detailed petition to the court." *Id*.

After the state district court received Gould's *pro se* state habeas Petition, the state district court treated it as a rogue filing as FPD attorney Jonathan Kirshbaum was listed as counsel for Gould in the state district court system. The FPD filed a motion to withdraw as counsel in the state district court case.

On December 19, 2023, the State moved to strike the state habeas Petition arguing that Gould failed to provide a signature on the Petition authorizing the FPD to represent him. ECF No. 59-26. The FPD filed an opposition to the motion to strike arguing that Gould's November 5, 2023, Petition should cure the lack of signature from the November 7, 2023, Petition. ECF No. at59-28 at 3-4.

On December 22, 2023, Gould filed a supplemental state habeas Petition adding Ground 11-20. ECF. 59-27. Gould filed a *pro se* response to the motion to strike providing that he adopted the November 7, 2024, Petition providing that he "now presents the following grounds and supporting facts in addition to the ten grounds presented where amendment is not required." *Id*. at 5.

The state district court held a hearing on January 3, 2024, that was scheduled with the filing of the state habeas Petition. ECF No. 59-29. Following FPD Attorney Ron Sung's appearance in state district court, the state district court stated, "[e]ven though you're not appearing for him." *Id*. at 3. The state district court granted the FPD's motion to withdraw and denied Gould's state habeas Petition. *Id*. at 5. On February 12, 2024, the state district court entered its Findings of Fact, Conclusions of Law and Order denying Gould's state habeas Petition. ECF No. 59-38. On March 6, 2024, the state district court amended its order to remove the FPD as counsel for Gould. ECF No. 59-40.

### ii. Discussion

Respondents argue that the FPD is operating under a current conflict of interest because the FPD represented Gould in the state habeas proceedings and the FPD cannot now review Gould's representation in those proceedings to determine whether state post-conviction counsel failed to raise ineffective assistance of counsel claims. ECF No. 73 at 5-6. Such a review would require an attorney to argue their own ineffectiveness. Respondents rely on *Bergna v. Benedetti*, 2013 WL 3491276 (D. Nev. 2013), wherein federal habeas counsel previously represented the petitioner in the state post-conviction habeas proceedings. In *Bergna*, this Court determined that federal habeas counsel had a conflict of interest following the Supreme Court's decision in *Martinez v. Ryan*, 566 U.S. 1 (2012), finding that:

> Following *Martinez*, there in truth can be no dispute that petitioner currently does not have conflict-free counsel. Following *Martinez*, competent federal habeas counsel would review the state proceedings to determine whether there were (a) possible additional claims of ineffective assistance of . . . counsel that (b) were not pursued by state post-conviction counsel through inadequate assistance. Following *Martinez*, current counsel thus is placed in a position of having to review the performance of a state post-conviction litigation team on which she worked—including as an attorney—to determine whether the team inadequately failed to raise additional claims of ineffective assistance of . . . counsel. The fact that no such additional claims currently are raised in the current pleadings wholly begs the question. Current counsel is under an obligation under *Martinez* to conduct such review, and she has a conflict of interest when doing so. That conflict of interest is real, actual and current.

*Bergna*, 2013 WL 3491276 at *2.

Respondents also rely on *Huebler v. Vare*, 2014 WL 1494271 (D. Nev. April 15, 2014), wherein this Court cited *Bergna* and found that federal habeas counsel who represented the petitioner in related state post-conviction habeas proceedings was conflict-laden counsel even though federal habeas counsel was not pursuing ineffective-assistance of counsel claims. This Court noted that "the conflict is premised upon the inability of conflict-laden counsel to make such decisions free of the inherent conflict." 2014 WL 1494271 at *10-11.

Gould argues that *Bergna and Huebler* are inapplicable because no attorney in the FPD's office represented him in his state proceedings. He asserts that the FPD cited *Bergna* in its November 7, 2023, Petition while stressing that Gould was *pro se* in state district court. He argues that the state district court clerk erroneously added the FPD as counsel for Gould in their e-filing system, which prompted the FPD to file a motion to withdraw.

Gould further provides that the eight of the handwritten claims were purely the work of Gould, do not amount to ghost-writing, and were directly copied from his federal *pro se* Petition. The FPD raised the remaining two claims based on a conversation with Gould with Ground 9 being a boilerplate *Brady* claim and Ground 10 being based off errors cited by the Gould's prior counsel on direct appeal. In *Ricotta v. State of Cal.*, 4 F. Supp. 2d 961, 987 (S.D. Cal. 1998), the district court determined that an attorney "drafting seventy-five to one hundred percent of Plaintiff's legal arguments in his oppositions to the Defendants' motions to dismiss," was more than "informal advice," and "amounts to unprofessional conduct." Gould asserts that the FPD did not ghostwrite his claims and that their involvement in his state postconviction habeas

4

proceedings isn't substantial enough to be considered legal representation. Ghost writing occurs where a party "appears *pro se*, asserts complete ignorance of the law, and then presents a brief which, however insufficient, was manifestly written by someone with some legal knowledge." *Doe v. City of Newport Beach*, 2016 WL 11757785, at *5 (C.D. Cal. Apr. 20, 2016) (citing *Ellis v. Maine*, 448 F.2d 1325, 1328 (1st Cir. 1971).

Here, the FPD's involvement in Gould's state postconviction habeas proceedings was disclosed to the state district court as an "special appearance only." In their attempt to file Gould's state postconviction habeas Petition by the deadline, the FPD reviewed documents, including Gould's *pro se* federal petition, his opening brief on appeal, and the state appellate court's order of affirmance. *See* ECF No. 76-1 at 2. The FPD advised Gould of his potential claims and Gould approved the claims. *Id*. at 3. The FPD drafted the *Brady* claim and the ineffective assistance of counsel claim, that includes multiple subclaims, and filed the state habeas Petition on Gould's behalf. *Id*.

Although it appears that the FPD attempted to limit their scope of involvement, the Court nonetheless concludes that a conflict exists. Similar to the circumstances in *Bergna* and *Huebler*, current counsel is placed in a position of potentially having to review their own performance to determine whether claims of ineffective assistance of trial counsel were adequately raised in the state postconviction habeas proceedings. *See Bergna*, 2013 WL 3491276, at *2. Accordingly, the Court grants Respondents' Motion to Disqualify and the appointment of the Federal Public Defender through Ron Y. Sung, Esq. is vacated. The Court finds that it is in the interests of justice under 18 U.S.C. § 30006A(c)[1] to appoint substitute counsel.

Respondents' Motion to Dismiss will be denied without prejudice to the reassertion of all defenses applicable following the appointment of conflict-free counsel and scheduling order.

### III. Conclusion

It is therefore ordered that Respondents' Motion to Disqualify Counsel (ECF No. 73) is

---

[1] Under 18 U.S.C. § 30006A(c), "the court may, in the interests of justice, substitute one appointed counsel for another as any stage of the proceedings." Gould does not have a right to one appointed counsel over another.

5

granted. The appearance of the Federal Public Defender through Ron Y. Sung, Esq. is vacated.

It is further ordered that Respondents' Motion to Dismiss (ECF No. 61) is denied without prejudice to the reassertion of all defenses applicable following the notice of appearance of conflict-free counsel.

It is further ordered that the Clerk of the Court is kindly directed to send a copy of this order to the CJA coordinator for this division. The CJA coordinator will identify a replacement panel attorney and thereafter the Court will issue an appointment and scheduling order.

DATED: November 4, 2025

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE